(No. 2009—■■■■■■■■■)

ALICE CAVENDER, A MINOR, BY CHESTER L. CAVENDER, HER FATHER AND NEXT FRIEND, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 23, 1933.*

CHESTER E. KING AND CARL N. WEILEPP, for claimant.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. JUSTICE VAUSE delivered the opinion of the court:

This is a claim made for damages arising from a personal injury to Alice Cavender, age five years, resulting from burns to her left leg when she accidentally stepped into an expansion joint four inches wide and nine inches deep filled with hot liquid asphalt, which had been deposited and left uncovered and entirely unguarded by the maintenance men of the Division of Highways, Department of Public Works and Buildings of the State of Illinois, while completing construction of a hard surfaced road, on November 9, 1931, on State Bond Issue Route No. 48, which road adjoined the farm home of claimant and her parents. The work was done about 1:30 p. m. of that day and about 3:00 p. m. of the same day, claimant, accompanying her mother, was walking over this road on the way to the house of a neighbor and accidentally stepped into the expansion joint. The ankle of the left leg was burned completely around and burns extended up some distance toward the knee. A portion of the burns were second degree burns. Daily medical treatments were required from the date of the injury to February 11, 1932. Total medical expenses incurred amounted to One Hundred Fifty-eight Dollars ($158.00). The burns have completely healed, leaving scar tissue which is sensitive. This limb is somewhat smaller at the place of the injury due to sloughing away of the tissues.

In the opinion of the only medical witness this condition is a permanent one.

This court has repeatedly held that the State is not liable for injuries resulting from the negligent acts of its employees, agents or servants in the exercise of governmental functions. This court has also recognized an exception to this rule in certain exceptional cases. In order to bring a claim within this exception the injuries must be directly attributed to the grossly negligent, reckless or wanton acts of an agent of the State and the claimant must be free from all contributory negligence in reference to the injury. The undisputed facts as disclosed by the record in the instant case at bar are sufficient to bring the case within the exception.

One of the claims for compensation made is on behalf of Oma Cavender, the mother of the injured child, for care and nursing of her injured daughter subsequent to the injury. In performing that service she was performing her duty as a mother for her child who had met with an unfortunate accident. That feature of the claim is without merit and will be denied.

Another claim is for reimbursement of the father, Chester Cavender, on account of loss of time incurred in taking his daughter to the doctor for medical treatment and for the costs of this transportation. This portion of the claim also is denied.

It is therefore the opinion of this court that the claimant, Alice Cavender, be awarded the sum of One Thousand Dollars ($1,000.00), payment thereof to be made to her legal guardian, duly appointed by the proper court with satisfactory proof of such appointment and qualification.